**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>          Plaintiff,<br><br>     v.<br><br>J. GALLAGHER, et al.,<br><br>          Defendants. | 1:23-cv-00661-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED AS BARRED BY STATUTE OF LIMITATIONS**<br>**(ECF No. 1.)**<br><br>**DEADLINE TO RESPOND: JULY 28, 2023** |

**I.     BACKGROUND**

Isaiah J. Petillo ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 1, 2023, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF PLAINTIFF'S COMPLAINT**

Plaintiff is currently incarcerated at California State Prison-Los Angeles County in Lancaster, California. The events at issue in the Complaint allegedly occurred at Corcoran State Prison in Corcoran, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Captain J. Gallagher and Correctional Officer J. D. Fugate (collectively "Defendants").

Plaintiff alleges that on November 9, 2017, defendant Captain Gallagher searched his and his cellmate's cell and confiscated his cellmate's cell phone. Plaintiff was escorted back to his cell by officers J.D. Fugate and R. Day (not a defendant). Plaintiff and Davis [cellmate] exchanged blows. Defendant Fugate stood by during the fight, and after the fight, Fugate threw a pepper-spray grenade at Plaintiff and sprayed Plaintiff with pepper spray. Plaintiff suffered a cornea abrasion in his right eye, was subsequently admitted to the hospital, and took pain medications.

Plaintiff requests monetary damages, including punitive damages.

## IV.   STATUTE OF LIMITATIONS

In federal court, federal law determines when a claim accrues, and "under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'"  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)).  In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions.  Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.  California's two-year statute of limitations for personal injury actions applies to 42 U.S.C. § 1983 claims.  See Jones, 393 F.3d at 927.  California's statute of limitations for personal injury actions requires that the claim be filed within two years.  Cal. Code Civ. Proc., § 335.1.

In actions where the federal court borrows the state statute of limitations, the court should also borrow all applicable provisions for tolling the limitations period found in state law.  See Hardin v. Straub, 490 U.S. 536, 539, 109 S.Ct. 1998, 2000 (1989).  Pursuant to California Code of Civil Procedure, § 352.1, a two-year limit on tolling is imposed on prisoners.  Section 352.1 provides, in pertinent part, as follows:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Cal. Code Civ. Proc., § 352.1.  In addition, under the Prison Litigation Reform Act, an applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process. Civil Rights of Institutionalized Persons Act, § 7(a), 42 U.S.C.A. § 1997e(a).

Although the statute of limitations is an affirmative defense that normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the court's own records.  Franklin v. Murphy, 745 F.2d 1221, 1228-1230 (9th Cir. 1984).  See Levald, Inc.

///

v. City of Palm Desert, 988 F.2d 680, 686-87 (9th Cir. 1993).  That is the case here – the defense appears complete and obvious from the face of the complaint.

Plaintiff alleges that on November 9, 2017, his cell was searched by Defendant Gallagher, he was pepper sprayed by Defendant Fugate, and his eye was injured.  Based on these allegations, it appears that the statute of limitations for Plaintiff's injuries began to run in November 2017.  Plaintiff did not file this lawsuit until more than five years later, on May 1, 2023.  Even allowing for tolling of the limitations period while Plaintiff exhausted his remedies, it appears that Plaintiff did not file this lawsuit before the statute of limitations expired. Therefore, the court finds that on the face of the Complaint, it appears Plaintiff's claims against defendants Gallagher and Fugate are barred by the statute of limitations.

Plaintiff shall be granted **until July 28, 2023** to respond to this order.

**V.    CONCLUSION AND ORDER**

The court finds that on the face of Plaintiff's Complaint for this action, his claims appear barred by the applicable statute of limitations.  Therefore, the court shall issue an order for Plaintiff to show cause why this case should not be dismissed as barred by the statute of limitations.

**ORDER TO SHOW CAUSE**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. **On or before July 28, 2023**, Plaintiff is required to file a response in writing, showing why this case should not be dismissed as barred by the statute of limitations; and

2. Failure to comply with this order may result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   **June 29, 2023**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE