UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. GALLAGHER, et al.,<br><br>　　　　Defendants. | No.  1:23-cv-00661 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO FILE CHANGE OF ADDRESS<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, HIS NOTICE OF CHANGE OF ADDRESS DUE **MARCH 19, 2024** |

Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to keep the Court informed of his current address.

I.   RELEVANT FACTS

On February 20, 2023, Plaintiff's complaint was filed (see ECF No. 1 at 11),[1] and on May

---

[1] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

1, 2023, the matter was docketed. See generally ECF No. 1. Thereafter, the matter was reviewed in June of 2023, and Plaintiff was ordered to show cause why this case should not be dismissed as untimely filed in violation of the statute of limitations. ECF No. 4. Specifically, the Court found that the complaint raises claims regarding matters that occurred in November 2017, and that California's statute of limitations period for personal injury actions is two years. See id. at 2-3 (screening order); see also ECF No. 1 at 4, 7, 8 (complaint stating incidents occurred in November 2017). As a result of these findings, Plaintiff was ordered to show cause why this matter should not be dismissed as untimely filed. Id. at 4.

On October 23, 2023, Plaintiff's showing of cause was docketed in this Court. ECF No. 8. Three days later, two additional documents filed by Plaintiff were docketed: (1) a document explaining why the showing of cause had been filed late,[2] and (2) a motion for a subpoena. See ECF Nos. 9, 10 (respectively).

On December 8, 2023, the Court reviewed Plaintiff's motion for a subpoena and determined that it had been improperly filed in this matter. Instead, the motion should have been filed in Petillo v. Jasso, No. 1:21-cv-01401 SAB ("Jasso"). See ECF No. 11. As a result, the Court issued an order directing that Plaintiff's subpoena motion be disregarded in this case and filed in Jasso. Id. at 2.

Shortly thereafter, on December 18, 2023, the Court's order sent to Plaintiff directing that the subpoena be filed in the Jasso case, was returned to the Court marked "Undeliverable, Return to Sender." To date, Plaintiff has not filed a change of address with this Court.

II.     DISCUSSION

It is Plaintiff's responsibility to keep the Court apprised of his current address at all times. See Local Rule 183(b). If mail that a court sends to a litigant who is representing himself is

---

[2] Although the Clerk of Court has described Plaintiff's subsequent filing, docketed on October 26, 2023, as a *second* response to the Court's order to show cause (see docket entry at ECF No. 9), the document is simply a notice explaining why Plaintiff's showing of cause was filed after the Court's original July 28, 2023, deadline. See generally id. Accordingly, the Clerk of Court will be directed to change the description of that entry to "Notice Re: Late Filing of Showing of Cause."

2

returned to it, and the litigant fails to notify that court within sixty-three days thereafter of his current address, a court may dismiss the action without prejudice for failure to prosecute. See id.

More than sixty-three days have now passed since the Court's order responding to Plaintiff's motion for a subpoena was returned to it as undeliverable. Because Plaintiff has not filed notice of his current address with the Court during that period, consistent with Local Rule 183(b), Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to prosecute.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall correct docket entry number 9 so that it reads, "Notice Re: Late Filing of Showing of Cause." See ECF No. 9;

2. Within fourteen days from the date of this order – **by March 19, 2024**, – Plaintiff shall file a showing of cause why this matter should not be dismissed without prejudice for failure to prosecute, and

3. In lieu of filing the showing of cause, Plaintiff may file a notice of change of address with the Court.

**Plaintiff is cautioned that failure to timely respond to this order may result in a recommendation that this matter be dismissed.**

IT IS SO ORDERED.

Dated:   **March 5, 2024**                         **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE

3