UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>       Plaintiff,<br><br>  v.<br><br>J. GALLAGHER, et al.,<br><br>       Defendants. | No.  1:23-cv-00661 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>PLAINTIFF'S OBJECTIONS DUE **APRIL 22, 2024** |

Plaintiff, a county jail inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to comply with a court order.

I.   BACKGROUND

On March 6, 2024, the Court directed Plaintiff to show cause why this matter should not be dismissed for failure to file a change of address.  ECF No. 12.  The order was issued because a previously issued order which had been sent to Plaintiff on December 8, 2023, was returned to the Court on December 18, 2023, marked "Undeliverable, Return to Sender."

1

On March 18, 2024, the order directing Plaintiff to show cause why this matter should not be dismissed for failure to file a change of address was also returned to the Court marked "Undeliverable, Unable to forward."

2. DISCUSSION

A party who appears in propria persona is required to keep the Court apprised of his current address. Local Rule 183(b). Once mail sent to such a party is returned to the Court by the postal service, a party has sixty-three days to notify the Court of his change of address. Should he fail to do so, the Court may dismiss the matter for failure to prosecute. See id.

The first order sent to Plaintiff was returned to the Court as undeliverable on December 18, 2023. Since then, more than sixty-three days have passed and Plaintiff has neither filed a change address with the Court nor filed a request for an extension of time to do so.

The second order recently sent to Plaintiff directing him to show cause or to file a current address with the Court was also returned to marked undeliverable. Although it appears from the file that Plaintiff's copies of the orders were returned, Plaintiff was nontheless properly served. It is a plaintiff's responsibility to keep the court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. For these reasons, the undersigned will recommend that this matter be dismissed for failure to prosecute and for failure to obey a court order. See Local Rules 183(b), 110, respectively.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED for failure to prosecute and for failure to obey a court order. See Local Rules 183(b), 110, respectively.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations – by April 22, 2024 – Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 9, 2024**          **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE

3