UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. GALLAGHER, et al.,<br><br>　　　　　Defendants. | No. 1:23-cv-00661-KES-GSA (PC)<br><br>ORDER DECLINING FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER<br><br>Doc. 14 |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed his complaint on May 1, 2023, seeking relief for events that allegedly occurred in 2017. Doc. 1. The Court screened Plaintiff's complaint and issued an order to show cause why the complaint should not be dismissed as barred by the statute of limitations. Doc. 4. Plaintiff thereafter filed a response to the order to show cause, along with a filing addressing why his response was filed late. Docs. 8–9. He also filed a motion for a subpoena on October 26, 2023. Doc. 10. The Court noted that Plaintiff's motion for a subpoena had been improperly docketed in this case and directed the Clerk to file Plaintiff's motion in the appropriate case. Doc. 11 at 2. The Court's order regarding the subpoena was served on Plaintiff but was returned as "Undeliverable, Return to Sender." *See* docket. On March 6, 2024, the Court issued a second

order to show cause regarding Plaintiff's failure to keep his address current; as before, that order was returned as "Undeliverable, Unable to forward." *Id.*

On April 9, 2024, the magistrate judge issued findings and recommendations recommending dismissal for failure to prosecute and failure to comply with a court order. Doc. 14. The findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days of service.[1] *Id.* at 2. Plaintiff did not file objections to the findings and recommendations within the allotted timeframe. *See* docket. On August 1, 2024, Plaintiff filed a motion asserting that he never received any of the Court's orders and objecting that the instant case had been improperly altered. *See generally* Doc. 15. On September 30, 2024, he asked the Court to proceed with his case and included a current address: P.O. Box 4430, Lancaster, CA 93539. Doc. 16.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Having carefully reviewed the matter, the Court declines to adopt the findings and recommendations. At the time the findings and recommendations were issued, the record reflected that Plaintiff had failed to comply with Local Rule 183(f), which requires a pro se party to file a change of address within 63 days of the Court's mail being returned. However, Plaintiff's subsequent filings provide his current address, explain why he previously failed to update his address, and indicate that he wishes to prosecute the action. *See* Docs. 15–16. Moreover, the magistrate judge did not address the factors identified by the Ninth Circuit in *Henderson v. Duncan*, 779 F.2d 1421 (9th Cir. 1986). That analysis should be conducted when recommending dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 641 (9th Cir. 2002).

Accordingly, IT IS ORDERED that:

1. The Court declines to adopt the findings and recommendations issued April 9, 2024 (Doc. 14);
2. The Clerk of Court is directed to update Plaintiff's address to the following: CSP – Los Angeles County, P.O. Box 4430, Lancaster, CA 93539;

---

[1] Local Rule 182(f) provides that "service of documents at the prior address of the . . . pro se party shall be fully effective."

2

3. Plaintiff is warned that further failure to timely comply with the Court's orders may result in the dismissal of his case for failure to prosecute; and

4. This matter is returned to the magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

    Dated:   December 27, 2024

UNITED STATES DISTRICT JUDGE